UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELO CARZOGLIO,

                           Plaintiff,

        -against-

SGT. VINCENT PAUL; DEIDRE CARROLL; and
JOHN RHODES,

                           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/6/2022__

No. 17 Civ. 3651 (NSR)
**ORDER**

NELSON S. ROMÁN, United States District Judge:

Presently pending before the Court is Defendants Sergeant Vincent Paul, Officer Deidre Carroll, and Sergeant John Rhodes ("Defendants")'s motion for summary judgment under Federal Rule of Civil Procedure 56. (ECF No. 68.) For the following reasons, the Court DENIES Defendants' motion without prejudice with leave to refile in accordance with the Court's Local Rules.

In the Second Circuit, a district court cannot grant a motion for summary judgment in a case involving a *pro se* litigant unless (1) the court apprises the *pro se* litigant of the consequences of failing to respond to the motion, *see Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994); (2) an opposing party has already provided the *pro se* litigant with the requisite notice, *see Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); or (3) it is clear that the *pro se* litigant understands "the nature and consequences of summary judgment," *see M.B. # 11072–054 v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997). *See Vital v. Interfaith Medical Center*, 168 F.3d 615, 620–21 (2d Cir. 1999) (holding that the failure of the district court to apprise a *pro se* litigant of the consequences of failing to respond to a motion for summary judgment is a ground for reversal). To fulfill this duty, the United States

District Courts for the Eastern and Southern Districts of New York adopted Local Rule 56.2 on

September 23, 1999. Local Rule 56.2 provides in relevant part that:

> [a]ny represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached. Where the *pro se* party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

"The notice referred to in the rule advises the *pro se* litigant of the possibility that the complaint

may be dismissed and informs the litigant that he or she must submit evidence countering the facts

asserted by the defendant and raising issues of fact for trial." *Covello v. Depository Tr. Co.*, 212

F. Supp. 2d 109, 115 (E.D.N.Y. 2002). In short, "the focus of both *Vital* and Local Rule 56.2 is

that the *pro se* litigant understands 'the consequences of failing to respond to a motion for summary

judgment' and receives notice that 'he must file his own affidavits contradicting his opponent's if

he wants to preserve factual issues for trial.'" *Id.* (quoting *Vital*, 168 F.3d at 621).

Notwithstanding, this requirement "should not be understood, however, to set down an

unyielding rule prohibiting district courts from acting upon motions for summary judgment sought

against *pro se* litigants in the absence of explanatory notice." *Sawyer v. Am. Fedn. of Govt.*

*Employees, AFL-CIO*, 180 F.3d 31, 35 (2d Cir. 1999). "On the contrary, the issue in each case

remains whether from all of the circumstances, including the papers filed by the *pro se* litigant, it

is reasonably apparent that the litigant understood the nature of the adversary's summary judgment

motion and the consequences of not properly opposing it." *Id.*

Accordingly, the Second Circuit has recognized exceptions to this obligation when the

moving party has provided the *pro se* litigant with the requisite notice through other means, *see*

*Artuz*, 76 F.3d at 486, or when the *pro se* litigant responds to the summary judgment motion with

factual and legal submissions indicating that he understood the nature and consequences of

summary judgment and "the need to set forth all available evidence demonstrating a genuine dispute over material facts," *Reish*, 119 F.3d at 232. *See Sawyer*, 180 F.3d at 34.

Here, the record shows that Defendants failed to serve on *pro se* Plaintiff Angelo Carzoglio the required notice and statement under Local Rule 56.2. Defendants merely served and filed the standard Notice of Motion for Summary Judgment. (ECF No. 68.) And after reviewing the record, the Court concludes that it is unclear whether *pro se* Plaintiff understood the nature of a summary judgment motion and his burden in responding to such a motion (*i.e.*, that he must submit evidence countering the facts asserted by Defendants and raising issues of fact for trial).

To be sure, the record does show that *pro se* Plaintiff did prepare and serve a response in opposition to Defendant's motion for summary judgment. (ECF No. 77.)  However, "in the absence of explicit notice, the mere existence of a response does not automatically give rise to the inference that a *pro se* litigant understood the nature of a summary judgment motion." *Sawyer v. Am. Fedn. of Govt. Employees*, *AFL-CIO*, 180 F.3d 31, 35 (2d Cir. 1999). As the Second Circuit previously noted,

> the concerns that we have expressed regarding *pro se* litigants' understanding of summary judgment are not extinguished by the mere fact that a *pro se* litigant files a response of some sort. Where the proper notice has not been given, the mere fact that the *pro se* litigant has made some response to the motion for summary judgment is not dispositive where neither his response nor other parts of the record reveal that he understood the nature of the summary judgment process.

*Vital*, 168 F.3d at 621.

Further, the Court is also of the view that the record fails to clearly indicate whether *pro se* Plaintiff understood his burden in responding to Defendants' motion for summary judgment. Notably, *pro se* Plaintiff's opposition papers to Defendants' motion for summary judgment clearly lack the proper required response to Defendants' statement of undisputed facts under Local Rule 56.1 and are devoid of any sworn affidavits.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' motion for summary judgment without prejudice with leave to re-file in accordance with Local Rule 56.2.

The Court further SETS the following revised motion schedule: (1) Defendants shall serve (not file) their relevant moving papers in conformity with the mandates of Local Rule 56.2 and certify to the Court via ECF that they have complied with Local Rule 56.2 on or before November 7, 2022; (2) *pro se* Plaintiff shall serve (not file) his opposition papers on or before December 22, 2022; and (3) Defendants shall serve its reply papers on or before January 6, 2023. Defendants shall further file all motion papers (including *pro se* Plaintiff's) on the reply date: January 6, 2023. Defendants shall moreover provide the Court with two hard courtesy copies of all motion papers as they are served, as well as an electronic courtesy copy per this Court's local emergency civil rules.

If the *pro se* Plaintiff fails to timely serve an opposition to Defendants' motion, having been properly placed on notice pursuant to Local Rule 56.2 regarding his burden on summary judgment, the Court will consider the motion unopposed and will proceed accordingly.

The Clerk of Court is directed to terminate the motion at ECF No. 68, and to mail a copy of this order to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.

Dated:   October 6, 2022                                         SO ORDERED:
         White Plains, New York

                                                    _____
                                                          NELSON S. ROMÁN
                                                       United States District Judge

4